**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOEL DE LA CERDA, | No. 14-55414 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-03512-JEM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding[**]

Submitted July 6, 2015[***]

Before:  THOMAS, Chief Judge, D. W. NELSON, and LEAVY, Circuit Judges.

Joel De La Cerda appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 212), and we affirm.

The agency did not err in failing to incorporate additional medical records into the administrative record, because the records, dated after De La Cerda's last date insured, were not material.  *See* 20 C.F.R. § 404.970(b) (Appeals Council shall consider "new and material evidence"); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (new and material evidence must be treated as part of the administrative record).

The ALJ gave specific and legitimate reasons for rejecting Dr. Capen's opinion that De La Cerda was disabled, including that Dr. Capen's opinion did not cover the period prior to De La Cerda's date last insured, and was inconsistent with his earlier opinion that De La Cerda could perform desk or supervisory work.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

The ALJ provided clear and convincing reasons for finding De La Cerda not fully credible, and for rejecting De La Cerda's statements regarding his symptoms prior to his date last insured when the ALJ found that De La Cerda's statements were unsupported in the medical record, and that De La Cerda's testimony

concerning his alcohol use was inconsistent with the medical record. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); *Ghanim*, 763 F.3d at 1163.

The ALJ did not err in formulating De La Cerda's residual functional capacity assessment, because the assessment was consistent with the restrictions identified by the testifying doctor. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

The district court did not abuse its discretion in denying De La Cerda's motion to alter or amend judgment because De La Cerda failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993).

**AFFIRMED.**